J-S47008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMILIO NIEVES, | |
| Appellant | No. 358 MDA 2015 |

Appeal from the PCRA Order entered February 6, 2015,
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0000563-2002 &
CP-38-CR-0001621-2001

BEFORE:  ALLEN, OTT, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 24, 2015**

Emilio Nieves ("Appellant") appeals from the order denying his petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent procedural history as follows:

> In Action No. 1621-2001, [Appellant] was charged with [multiple drug and drug-related charges].  In Action No. [563-2002], he was charged with [two counts of possession with intent to deliver].  On January 6, 2003, [Appellant] entered a guilty plea in No. 563 and on January 7, 2003, he entered a plea of *nolo contendere* to the charges at No. 1621.  On January 10, 2003, this Court imposed an aggregate sentence of fourteen (14) to thirty (30) years for these actions.  [Appellant] filed a direct appeal to the Superior Court of Pennsylvania challenging

---

*Retired Senior Judge assigned to the Superior Court.

the discretionary aspects of his sentence. The Superior Court affirmed by Order of June 3, 2004. [Appellant did not file a petition for allowance of appeal to our Supreme Court.]

On April 13, 2005, [Appellant] filed [PCRA petitions] in both actions. We dismissed those petitions without a hearing by Order of February 7, 2008. On March 5, 2008, [Appellant] filed a [*pro se*] Notice of Appeal of that Order. By Order of May 26, 2009, the Superior Court vacated the Order denying PCRA relief and remanded for us to reinstate [Appellant's] appellate rights in No. 1621 and to conduct an evidentiary hearing in No. 563. By Order of May 27, 2009, we appointed counsel to represent [Appellant], reinstated his appellate rights in No. 1621 and scheduled an evidentiary hearing for No. 563. [Appellant] filed a Notice of Appeal in No. 1621 on June 26, 2009 and the Superior Court issued an Order affirming the judgment of sentence in No. 1621 on February 12, 2010. We conducted an evidentiary hearing in No. 563 on January 26, 2010 and on July 12, 2010, we dismissed [Appellant's] [PCRA] Petition in that action.

On February 14, 2012, [Appellant] filed a Motion for Modification of Sentence *Nunc Pro Tunc* in both actions which we denied on February 17, 2012. On June 13, 2014, he filed a Motion for Sentence Correction/Modification requesting collateral relief in both actions. We appointed counsel to represent [Appellant] and issued a Rule upon the Commonwealth to show cause why the requested relief should not be granted. The Commonwealth responded on July 21, 2014. On February 3, 2015, [Appellant] filed a counseled amended PCRA Petition [supplementing Appellant's February 14, 2012 motion], which we denied by Order of February 6, 2015. The Commonwealth responded to that Petition on February 12, 2015.

PCRA Court Opinion, 4/20/15, at 1-3 (footnotes omitted). This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> 1. WHETHER [THE] TRIAL COURT ERRED WHEN IT IMPOSED AN ILLEGAL SENTENCE UPON [APPELLANT] IN LIGHT OF THE HOLDING IN *ALLEYNE V. UNITED STATES*, 133 S.Ct. 2151, 186 L.Ed.2d 314, 81 USLW 4444 (2013)?

Appellant's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issue raised by Appellant in his *pro se* brief, we must first determine whether the PCRA court properly determined that Appellant's latest PCRA petition was untimely.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor

the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

At No. 563, Appellant's judgment of sentence became final on or about July 5, 2004, after the expiration of time for filing an appeal to our Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3). At No. 1621, Appellant's judgment of sentence became final on March 13, 2012, after the expiration of the time for filing an appeal to our Supreme Court. *Id.* Thus, in order for his PCRA petition to be timely at No. 563, Appellant would have had to file it by July 5, 2005. In order to be timely at No. 1621, Appellant would have had to file his latest PCRA petition by March 13, 2013. Because Appellant did not file his present petition involving both matters until June 13, 2014, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated time-bar exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to properly raise and prove the applicability of any of the exceptions to the PCRA's time restrictions. Appellant argues:

> [Appellant] avers that *Alleyne* established a new constitutional right and, thereby, relieves him of the time limitations set forth by the Act pursuant to § 945(b)(1)(iii). *See also*, *Commonwealth v. Newman*, [99 A.3d 86 (Pa. Super. 2014) (*en banc*)].
>
> Furthermore, [Appellant] has been diligently seeking modification of his sentence throughout his time of incarceration. However, his sentence has always been affirmed. Since *Alleyne* has recognized a new constitutional right, [Appellant's] rights should now be reinstated in the interest of justice.

Appellant's Brief at 13.

Initially, our review of Appellant's *pro se* June 13, 2014 motion, as well as counsel's amended PCRA petition, supports the Commonwealth's assertion that Appellant is improperly raising the PCRA's time bar exception for the first time on appeal. **See generally**, Pa.R.A.P. 302(a); Commonwealth Brief at 9.

Nevertheless, the PCRA court correctly explained:

> [Appellant] now claims that the aggregate sentence imposed in these actions on October 10, 2003 was illegal and that he is entitled to collateral relief on the basis of the United [States] Supreme Court's subsequent holding in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). In that case, the Supreme Court held that any fact that increases a mandatory minimum sentence is an element [of the crime] that must be submitted to a jury.
>
> ***
>
> The holding of **Alleyne** is applied retroactively only to cases which were pending on direct appeal at the time it was rendered. **Commonwealth v. Newman**, 99 A.2d 86 (Pa.Super. 2014).

PCRA Court Opinion, 4/20/15, at 3-5 (footnote omitted).

The PCRA court then quoted extensively from this Court's decision in **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), in which we noted, "neither our Supreme Court, nor the United States Supreme Court have held that **Alleyne** applies retroactively to cases in which the judgment of sentence has become final." **Miller**, 102 A.3d at 995. The PCRA court thereafter concluded:

> The holding of **Alleyne** is inapplicable to the sentence imposed in these matters. Both judgments of sentence

had become final here, as neither of these actions was pending on direct appeal at the time that [the *Alleyne*] decision was entered. Thus, [Appellant's] claim for collateral relief was untimely and we dismissed [Appellant's] PCRA Petition for that reason.

PCRA Court Opinion, 4/20/15, at 8.

Our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Appellant's PCRA petition. Accordingly, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015